UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER VILLANUEVA-GUERRERO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Civil Case No. 07-CV-0536-L <br> Criminal No. 04-CR-2616-L <br><br> **ORDER DISMISSING WITH PREJUDICE PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

On December 28, 2006, Petitioner Javier Villanueva-Guerrero ("Petitioner") filed in the Central District of California a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence.  The district court in the Central District questioned whether the Petitioner was challenging the validity of a prior state court conviction that he sustained in 1999, or whether he intended to file a § 2255 petition.  Since the Petitioner did not oppose the Motion to Dismiss filed by the Government, the district court did not convert Petitioner's § 2255 motion to a § 2254 motion.  Instead, the district court ordered the petition transferred to the Southern District of California on March 5, 2007, for further review by this Court.

At the time Petitioner filed his petition, he had no federal sentence to challenge.  In this case, Petitioner executed his motion on October 10, 2006, two months prior to entering his guilty plea to the Superseding Information for the present offense.  The petition itself was not actually

filed until December 28, 2006, which was still more than a week prior to the January 8, 2007, sentencing hearing that placed Petitioner under "sentence" of a federal court. On October 10, 2006, Petitioner did not have a right to file a motion collaterally attacking a sentence that had not yet been awarded. Since Petitioner attempted to file a petition under § 2255 prior to being sentenced, his collateral attack fails to satisfy the requirements of the statute.

However, even if the Petitioner had satisfied the timing requirements of the statute, this Court would still lack jurisdiction. The Court has reviewed the record in this case, which clearly establishes that Petitioner waived both his right to appeal and to collaterally attack his conviction and sentence for the present offense. Plea Agreement ¶ XI. Petitioner's motion raises no challenge to the validity of that waiver, therefore this Court lacks jurisdiction to consider any collateral challenge to his conviction and sentence. *See Washington v. Lampert*, 422 F.3d 864, 869-70 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition was valid, district court lacked jurisdiction to hear the case).

Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: June 6, 2008

_M. James Lorenz_
M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE